TERRITORY OF HAWAII *v.* JOHN F. PIERCE, EDWARD CONROY, EDDIE HAGEN, JOHN J. MILLER, MARGARET KALUNA, JOE DOE, AKA PABLO SABARON, JOHN DOE, AKA JUICHI TAKAOKA, MARY ROE, AKA LORRAINE F. BAKER, AND MARY DOE, AKA GENEVA J. PIERCE.

No. 4091.

FILED MAY 22, 1959.                DECIDED MAY 28, 1959.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

*Per Curiam.* In the petition for rehearing appellants state that they did note exceptions to the court's instructions and the refusal to give appellants' instructions and did take exceptions, and call the court's attention to page 118 of the transcript. The transcript

there reads as follows:

"MR. ROBINSON: If the Court please, may Counsel approach the Bench?

"THE COURT: Just a moment.

(The Bailiff was sworn to attend the Jury.)

"THE COURT: Will the Reporter come to the Bench, too.

(Respective Counsel and the Reporter went up to the Bench and the following proceedings took place out of the hearing of the Jury:)

"MR. ROBINSON: May we note our objection to the giving of Territory's Instructions No. 6, 7, 8, 12 and 13, and refusal to give Defendants' Instructions 1, 3, 5, 7, 8 and 9.

"MR. TITCOMB: No exceptions.

"THE COURT: Very well.

(Counsel and Reporter back to their seats.)

"THE COURT: Mr. Bailiff, I hand you the forms of verdict. The jury will retire for their deliberations. Mrs. Heine, will you take these out.

(The Court recessed at 2:40 p.m.)"

No further action was taken other than to note the objection. No exceptions were taken at the time, as required by the statute.

As pointed out in the original opinion, two steps are necessary to preserve a legal question on exceptions: first, the objection must be stated and, second, an exception must be taken to the ruling of the court. The latter was not done.

Further, the exception to the verdict brings up no question of law for review by the appellate court unless it is followed by a motion for a new trial and exception duly taken to the court's action on such motion.

As to the reiterated statement that the court invaded the province of the jury in deciding the facts, such is not the case. The jury was fully instructed on the law. The facts as to whether the "Aloha Quiz" was a lottery was left to the jury under the court's instruction as to what constituted a lottery.

The facts being undisputed, the court could have gone further and determined as a matter of law that such procedure constituted a lottery.

As stated in *State* v. *Schneiderman*, 20 N. J. 422 (1956), 120 A. (2d) 89, 91:

> "But it is also the rule that questions of law are for the court's determination and are not within the province of the jury. Thus, where no disputed question of fact material to the issue is present, it is not error for the court to charge that a given operation amounts to gambling; for 'whether an act is illegal \* \* \* is a question of law to be settled by the court \* \* \*.' " (Citing cases.)

Rehearing denied.

*Earl S. Robinson* (*Fong, Miho, Choy & Robinson*) for the petition.